```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JUST FOR YOU ENTERTAINMENT, INC.,

                      Plaintiff,                09 Civ. 4773 (PKC)

      -against-

                                           ORDER

JEFFREY WHITTERS p/k/a FRECK
BILLIONAIRE, OMAR BARNES p/k/a
ANIMAL STEELE, FLOYD MAYWEATHER
and PHILTHY RICH RECORDS, INC.,

                      Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff filed this action on May 21, 2009, alleging breach of contract and tort claims against the defendants arising out of a contract in which the plaintiff was to serve as the defendants' entertainment manager. Copies of the summons and the Complaint were served on defendants Jeffrey Whitters, Floyd Mayweather and Philthy Rich Records, Inc. in July, September and November 2009. (Docket # 5, 8, 9, 10.) Proof of service was filed with the Court. It does not appear that Omar Barnes p/k/a Animal Steele, who is named as a defendant in the Complaint, was served.

        The defendants have not answered the Complaint and the time for answering has expired. The Clerk issued Certificates of Default on February 16, 2010. Plaintiff now moves for an order granting default judgment against defendants Jeffrey Whitters, Floyd Mayweather and Philthy Rich Records, Inc. pursuant to Rule 55, Fed. R. Civ. P.[1] As the plaintiff has complied with Rule 55 and Local Rules 55.1 and 55.2, as well as this Court's individual Default Judgment

---

[1] Plaintiff does not move for default against defendant Barnes, who, as noted, does not appear to have been served with a summons or complaint.

Procedures, the motion for default judgment against defendants Jeffrey Whitters, Floyd Mayweather and Philthy Rich Records, Inc. is GRANTED.

In a letter to the Court dated April 22, 2010, plaintiff requests the Court to enter judgment as to liability and separately determine damages by inquest. I will consider evidence from the plaintiff going to damages at a hearing on May 12, 2010 at 11 a.m. The plaintiff should come prepared with any witnesses or documentary evidence that it wishes to provide the Court in support of the quantum of damages that it seeks.

SO ORDERED.

Dated: New York, New York
April 28, 2010

P. Kevin Castel
United States District Judge